**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CHRISTOPHER PENNING    &** | ) | |
| **DAWN PENNING,** | ) | |
| **PLAINTIFFS** | ) | **CIVIL ACTION NO.:** |
| | ) | **4:10-cv-02319** |
| **VS.** | ) | |
| | ) | |
| **ENHANCED RECOVERY** | ) | |
| **CORPORATION,** | ) | **JURY TRIAL DEMAND** |
| **DEFENDANT** | ) | |

## THIRD AMENDED COMPLAINT FOR DAMAGES

### INTRODUCTION

1.     This is an action for damages against the Defendant for violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. and the Telephone Consumer Protection Act 42 U.S.C. §§ 227 et seq.

### SUBJECT MATTER JURISDICTION

2.     This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiffs reside here and Defendant placed telephone calls into this District.

### PARTIES AND PERSONAL JURISDICTION

3.     Plaintiffs Christopher Penning and Dawn Penning are natural persons, citizens of the State of Missouri and residing in Jefferson County, Missouri.

4.     Defendant ENHANCED RECOVERY CORPORATION (hereinafter referred to as "ERC") is believed to be a Florida corporation operating from an address located at 8014 Bayberry Road, Jacksonville, Florida 32256, and doing

business in the State of Missouri. Upon information and belief, ERC has no registered agent in the State of Missouri.

5. Defendant is subject to the jurisdiction and venue of this Court.

6. Defendant may be served by personal or substitute service pursuant to the Federal Rules of Civil Procedure and, as applicable, the laws of the state of Missouri.

## FACTS COMMON TO ALL CAUSES

7. Defendant uses telephone communications in its business.

8. The principle purpose of ERC's business is the collection of debts.

9. Defendant regularly collects or attempts to collect delinquent debts owed or due, or asserted to be owed or due, to another.

10. Defendant is a debt collector subject to the provisions of the Fair Debt Collection Practices Act.

11. In the course of attempting to collect an alleged consumer debt originally owed to Chase Bank USA, Defendant communicated with Plaintiffs in a manner which violated the Fair Debt Collection Practices Act and the Telephone Consumer Protection Act.

12. Defendant left at least 15 prerecorded voice messages for Plaintiff Christopher Penning on his cell phone voice message system during the time spanning from June 11, 2010 through September 7, 2010. Plaintiff's cell phone number is (314) xxx-7770. Each of the messages contained the following information:

…used for that purpose. Please contact me about this business matter at (800) 358-2329 and provide the following reference number: 32250319.

13.     Defendant left at least 24 prerecorded voice messages on Plaintiff Dawn Penning's cell phone voice message system during the time spanning from June 11, 2010 through December 8, 2010.  Dawn Penning's cell phone number is (314) xxx-8114.

14.     The messages are "communications" as defined by 15 U.S.C. §1692a(2).

15.     Defendant failed to inform Plaintiff in some of the messages that the communication was from a debt collector, failed to inform the Plaintiff of its name and failed to disclose the purpose of Defendant's messages.

16.     In addition to the prerecorded messages mentioned hereinabove, Defendant also used an automatic telephone dialing system or a pre-recorded or artificial voice to place numerous telephone calls to cell phone of each Plaintiff which did not result in a message being left on either voice mail system.

17.     Plaintiffs did not expressly consent to Defendant's placement of telephone calls to Plaintiffs' cellular telephones by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

18.     None of Defendant's telephone calls placed to Plaintiffs were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

19.     Defendant willfully or knowingly violated the TCPA.

## COUNT I-FDCPA
## FAILURE TO DISCLOSE STATUS AS A DEBT COLLECTOR

20.     Plaintiffs incorporate Paragraphs 1 through 19.

21.     Defendant failed to disclose in the telephone messages it left with Plaintiff Christopher Penning that it was a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys*., 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and Leyse v. Corporate Collection Servs., 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

22.     Defendant placed telephone calls to Plaintiffs without making meaningful disclosure of its identity when it failed to disclose its name and or that it is a debt collector and or the purpose of Defendant's communication in the telephone messages in violation of 15 U.S.C §1692d(6). See *Valencia v The Affiliated Group, Inc*., Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008); *Wright v. Credit Bureau of Georgia, Inc.,* 548 F. Supp. 591, 593 (D. Ga. 1982); and *Hosseinzadeh v. M.R.S. Assocs.,* 387 F. Supp. 2d 1104 (D. Cal. 2005).

23.     Alternatively, to the extent that one or both plaintiff is not the "debtor," pursuant to section 1692a, defendant caused plaintiffs' cellular telephones to ring with the intent to annoy, abuse and harass the recipient into causing the non-debtor to pressuring the debtor to pay, or to induce the non-debtor into applying pressure to the debtor to pay in violation of 15 U.S.C. §1692d(6).

24.     Contacting a non-debtor in connection with collection of a debt is also a violation of the non-debtor's privacy rights, and is an unfair unconscionable collection practice, in violation of 15 U.S.C. §§1692e and 1692f.

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and against Defendant for:

 a. Damages;

 b. Attorney's fees, litigation expenses and costs of suit;

 c. Such other or further relief as the Court deems proper.

## COUNT II
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

25.     Plaintiffs incorporate Paragraphs 1 through 24.

26.     Defendant placed non-emergency telephone calls to each of Plaintiffs cellular telephones using an automatic telephone dialing system or pre-recorded or artificial voice without Plaintiffs' prior expressed consent in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and against Defendant for:

 a. Damages; and

 b. Such other or further relief as the Court deems proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

/s/ Christopher Penning
**Christopher Penning**

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

/s/ Dawn Penning
**Dawn Penning**

Respectfully submitted,

**THE SWANEY LAW FIRM**

/s/ Robert T. Healey
Robert T. Healey
EDMO # 34138MO
Attorney at Law
3460 Hampton, Suite 205
St. Louis, MO 63139
rhealey1960@gmail.com
telephone: (314) 481-7778
fax:  (314) 481-8479